UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GILBERTO ROMAN,

    Petitioner,

v.                                                     CASE NO. 6:07-cv-1523-Orl-22KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 5). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 16). Petitioner filed a reply to the response (Doc. No. 20).

Petitioner alleges one claim for relief in his petition. As discussed below, the Court finds that the habeas petition is untimely and must be dismissed.

### I. *Procedural History*

On April 5, 1999, Petitioner entered a plea of no contest to two counts of burglary of a dwelling, one count of grand theft, one count of dealing in stolen property, and one count of petit theft as charged in case numbers 97-31084-CFA and 98-18062-CFA. Petitioner was released pursuant to *Quarterman v. State*, 527 So. 2d 1380 (Fla. 1988), and subsequently was sentenced to concurrent fifteen-year terms of imprisonment. The state trial court

entered judgment on October 3, 2000. Petitioner did not appeal, however, on July 23, 2001, he filed a motion for belated appeal, which was denied without prejudice on August 6, 2001.

On August 16, 2001, Petitioner filed a second motion for belated appeal. The Fifth District Court of Appeal of Florida denied the motion without prejudice on September 19, 2001.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief on October 11, 2001.[1] The state trial court denied relief, and Petitioner appealed. The appellate court *per curiam* affirmed on February 26, 2002. Mandate was issued on March 15, 2002.

Petitioner filed a Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence on August 20, 2004. The state trial court denied the 3.800(a) motion. Petitioner did not appeal.

On June 9, 2006, Petitioner filed a second Rule 3.800(a) motion, which was denied. Petitioner appealed, and the appellate court *per curiam* affirmed on June 19, 2007. Mandate was issued on August 17, 2007.

---

[1]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

On March 1, 2007, while his second Rule 3.800(a) motion was pending appellate review, Petitioner filed a third Rule 3.800(a) motion. The state trial court denied the motion, and Petitioner appealed. The appellate court *per curiam* affirmed on June 5, 2007. Mandate was issued on July 25, 2007.

On July 31, 2007, Petitioner filed a petition for writ of mandamus with the Supreme Court of Florida. The state appellate court denied the petition on September 18, 2007.

On August 15, 2007, Petitioner filed a petition for writ of habeas corpus with the Supreme Court of Florida. The appellate court dismissed the petition based on lack of jurisdiction on August 21, 2007.

## II.   *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), Petitioner had one year, absent any tolling, from the date his convictions became final to file his federal habeas corpus petition. Petitioner's state court judgments are dated October 3, 2000. He then had thirty days to file a direct appeal. *See* Fla. R. App. P. 9.140(b)(3). Because Petitioner did not file a direct appeal, his convictions became final on November 2, 2000, thirty days after the written sentences were rendered. Thus, he had through November 2, 2001, absent any tolling, to file his § 2254 petition. However, the instant petition was not filed until September 20, 2007, under the mailbox rule.

Under § 2244(d)(2), the one year was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceeding. Petitioner filed his Rule 3.850 motion on October 11, 2001, at which time 343 days of the one-year period had expired.[2] Assuming

---

[2]The Court recognizes that Petitioner filed a motion for belated appeal on July 23, 2001, which was denied without prejudice on August 6, 2001. Additionally, he filed a second motion for belated appeal on August 16, 2001, which the appellate court denied without prejudice on September 19, 2001. Petitioner does not contend that these motions tolled the one-year period in which he had to file the instant habeas petition. Even assuming, however, that these motions tolled the time, the instant petition was not timely filed.

that Petitioner's Rule 3.850 motion was properly filed, the time was tolled for a total of 155 days (from October 11, 2001, through March 15, 2002). Accordingly, Petitioner had through April 6, 2002 (22 days from March 15, 2002) to file his federal habeas corpus petition.[3]

Petitioner asserts that the one-year period should be subject to equitable tolling because he did not know until May of 2006, when he was placed in the Lake County Correctional Institution, that he was being illegally detained. In support of his argument, Petitioner contends that he speaks and understands only basic English and there were no legal materials written in Spanish available to him in prison. As such, he was unaware of the factual and legal basis for seeking habeas relief until 2006 when a bilingual prison law clerk advised him of the law.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Moreover, Petitioner has the burden of showing extraordinary circumstances, and this Court must "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Calderon v. United*

---

[3]The Court is aware that Petitioner filed other state post-collateral proceedings; however, because the one-year period concluded before Petitioner initiated those proceedings, the tolling provision of section 2244(d)(2) does not apply to the state post-conviction proceedings. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

*States District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997), *vacated on other grounds*, 163 F. 3d 530 (9th Cir. 1998).

Petitioner's allegations simply do not rise to the level of extraordinary circumstances beyond his control which warrant equitable tolling of the one-year period set forth in § 2244(d). *See Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (refusing to apply the doctrine of equitable tolling based on the petitioner's allegations that he did not have access to legal materials written in his preferred language and that English was his second language); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (holding that a petitioner's "inability to speak, write and/or understand English, in and of itself, does not automatically" justify equitable tolling). Some courts have recognized that equitable tolling may be available upon a showing that the petitioner did not speak English, the prison law library lacked legal materials in his native language, and he was unable to obtain translation assistance prior to the expiration of the one-year limitation. *See, e.g., Diaz v. Kelly*, 515 F.3d 149, 154 (2nd Cir. 2008); *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006). However, even in those circumstances, for equitable tolling to be appropriate, the petitioner must demonstrate that he exercised diligence. *Diaz*, 515 F.3d at 154. Merely alleging the unavailability of prison personnel, who could translate, during the limitations period is not sufficient to demonstrate the exercise of diligence. *Id.*

In the instant case, Petitioner admits that he understands English, and he does not contend that he cannot read or write in English. A review of the transcript from Petitioner's change of plea hearing establishes that an interpreter was not used at the hearing and

Petitioner had no difficulty understanding the proceeding. *See* App. B. Furthermore, the plea agreement was written in English, and Petitioner responded affirmatively to the trial court when asked if he had read the agreement. *See* App. B at 5; *see also* App. A. Finally, as noted *supra*, Petitioner was able to file two motions for belated appeal and a Rule 3.850 motion before the one-year limitation expired. For all of these reasons, the Court finds that equitable tolling is not warranted in this case.

Petitioner also appears to assert that he should be excused from compliance with the one-year limitation based on his actual innocence. For purposes of this discussion, the Court will assume, without deciding, that a showing of actual innocence is sufficient to relieve habeas petitioners from the burdens imposed by § 2244(d).[4] "[I]n order to present a valid claim of actual innocence the petitioner must show that there is reliable 'new' evidence (i.e. not presented at trial) 'showing that it is more likely than not that no reasonable juror would have convicted him.'" *Thomas v. Straub*, 10 F. Supp. 2d 834, 836 (E.D. Mich. 1998). In the present case, Petitioner does not support his allegation of innocence with sufficient evidence to undermine the Court's confidence in the outcome of his criminal proceedings. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995). Instead, he summarily asserts that he is probably innocent based on the state trial court's imposition of an illegal sentence. Petitioner has not presented new, reliable evidence demonstrating his actual

---

[4] In *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000), the Eleventh Circuit Court of Appeals declined to decide whether there is an actual innocence exception to the time limitation of § 2244(d). Instead, the court stated that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed . . . ."

7

innocence.  Therefore, he does not come under the actual innocence exception, if such an exception exists.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 15th day of July, 2008.

_____
ANNE C. CONWAY
United States District Judge

Copies to:
sc 7/15
Gilberto Roman
Counsel of Record